Pigott, J.
(dissenting). Defendant here is in obvious need of psychological help; but, under the circumstances of this case, *193 he is not guilty of attempted kidnapping in the second degree (Penal Law § 135.20).
The incident that forms the basis of defendant’s attempted kidnapping conviction is laid out in the majority’s telling: on September 11, 1998, after offering the victim keys to his apartment and her refusal, he told her to meet him later that day if she changed her mind and he would buy her some ice cream— the latter being the same type of offer he had made to her some 30 to 40 times previously.
Tired of this conduct, her mother contacted the police. Three days later, a detective contacted the defendant’s employer and advised him of the mother’s complaint. Defendant’s boss told the detective he would send defendant to the precinct when he came to work. Defendant willingly went to the precinct and spoke with police about the incidents. As a result, he was charged with endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment (Penal Law § 240.26 [3]). The misdemeanor information recited the facts as described in the majority’s opinion.
In September 1998, he was arraigned on those charges and pleaded not guilty, rejecting an offer to plead to the charges. Later, in an undated indictment in 1999, defendant’s harassment charge became an attempted kidnapping in the second degree charge, with no change in the underlying facts. The only thing that had changed was that the People learned that, some 20 years earlier, defendant had been convicted of sexually abusing his eight-year-old stepdaughter.
Prior to defendant’s trial, the People made a Ventimiglia/ Molineux application to permit them to introduce evidence of that prior sex conviction. The court initially denied that application. Having failed to prevail on their original application, the People then made an in limine proffer, this time including an expert affidavit. The expert opined that defendant, a convicted child molester, was “trying to relive his sexual pattern” that he had engaged in with his stepdaughter, some 20 years earlier. The court, acknowledging the highly prejudicial value of this testimony, permitted the People’s introduction of this testimony to demonstrate that the instant offense, as described by the expert, was “part of a fixation, a repetitive pattern . . . that results not from merely re-offending, but from actually re-living as a result of transference.”
In my view, the court abused its discretion in allowing in evidence of the prior conviction. While, as the expert suggested, *194 it may have shown that defendant was a convicted child molester who was engaging in pattern behavior similar to that of his prior sex conviction, it was not relevant in a case where no sex crime was involved or charged. Nor can it be relevant to show that defendant intended to kidnap the child, as his prior conviction did not include any kidnapping.
Further, viewing the evidence in the light most favorable to the People, they failed to establish an attempted kidnapping beyond a reasonable doubt. “A person is guilty of kidnapping in the second degree when he abducts another person” (Penal Law § 135.20). As relevant here, “abduct,” as defined by Penal Law § 135.00 (2), “means to restrain a person with intent to prevent his liberation by . . . (a) secreting or holding him in a place where he is not likely to be found.” In turn, restrain means
“to restrict a person’s movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful” (Penal Law § 135.00 [1]).
“A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00). Conduct does not rise to the level of attempt unless the defendant’s actions come “dangerously close” or “very near” to accomplishing the intended crime (People v Mahboubian, 74 NY2d 174, 190-191 [1989]; People v Naradzay, 11 NY3d 460, 466 [2008]).
The People here were required to prove that defendant came dangerously close to “abducting” the child. A simple offer of apartment keys clearly is not enough to show an intent to restrain a child.
In short, defendant offered the child his apartment keys, she did not accept them and she walked away. While defendant clearly engaged in alarming behavior with this child prior to and during this encounter, his actions, even viewing them in a light most favorable to the People, did not come “dangerously close” to an attempted kidnapping. The result — we had a person in need of psychological treatment in one of our prisons without it.
*195 For these reasons, I dissent and would vote to reverse.
Chief Judge Lippman and Judges Rivera, Abdus-Saiaam and Stein concur; Judge Pigott dissents in an opinion.
Order affirmed.